*777 OPINION.
Smith:
The question presented by this proceeding is whether the partnership of Fenner & Beane is entitled to deduct from gross income, in its partnership income-tax return for 1920, $62,370.28 for bad debts which were disallowed as a deduction by the Commissioner in the audit of the return. The provision of the Revenue Act of 1918 which is involved is section 214(a), reading:
That in computing net income there shall be allowed as deductions:
* * * * * * *
(7) Debts ascertained to be worthless and charged off within the taxable year.
The evidence indicates that the partnership of Fenner & Beane attempted during the year 1920 to collect all delinquent accounts. Debtors were sent statements and bills for amounts owing by them, and in some cases drafts were drawn upon the debtors, which drafts were returned unpaid. In other cases the partnership determined through its correspondents the financial status of the debtor and the probability of payment. All but one of the debtors lived in States which had anti-future laws, which prevented the collection by legal proceedings of debts of the character of those owed to the partnership. The evidence shows that, after a careful consideration of these facts, the nature of the claims, and the attendant and surrounding circumstances, the partnership determined the accounts to be worthless and charged them off their books of account. We are satisfied that there was an actual ascertainment of worthlessness of all the *778 debts charged off with the exception of those owed by D. B. Jennings, E. R. Wicker, and F. E. Spier, in the aggregate amount of $22,959.68. The balance of the debts disallowed as deductions from gross income by the Commissioner, amounting to $39,410.60, were ascertained to be worthless at December 31, 1920.
There remains to be considered whether the accounts were “ charged off ” within the meaning of the statute, in view of the fact that they were charged back on the books in 1921. We are of the opinion that this reversal of the entries in the circumstances indicated does not affect the validity of the charge-off. They were charged back on the books merely for the purpose of keeping a record of them. See Appeal of Huning Mercantile Co., 1 B. T. A. 130.

Judgment will he entered on 15 days' notice, under Bule 50.

Van Fossan dissents.